UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELINO AVILA, | : | CIVIL ACTION NO. **3:CV-13-1547** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT TRITT, *et. al*, | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On June 11, 2013, Petitioner, Marcelino Avila, an inmate at the State Correctional Institution at Frackville ("SCI Frackville"), Pennsylvania, filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (**Doc. 1**). Petitioner paid the filing fee. (*Id.*).

Petitioner challenges his September 21, 2006 conviction for statutory rape, corruption of minors and indecent assault and his December 20, 2006 sentence of 8 to 18 years incarceration imposed by the Lebanon County Court of Common Pleas. In his habeas petition, Petitioner raises the following two (2) grounds: "Inneffective assistance of counsel by failing to provide bilingual assistance; to understand guilty plea colloquy;" and "Prejudicial inducement of guilty plea, by the court, in colloquy;" (Doc. 1, pp. 6-7).

Petitioner signed and dated his habeas petition on May 31, 2013.[1] (Id., p. 15). As relief, Petitioner requests this Court to "[r]emoval of guilty plea, [t]rial, [b]ilingual interpreter (Spanish) for all procedures." (*Id*.).

On August 9, 2013, Respondents filed a response to the Petition for Habeas Corpus and Memorandum. (Docs. 7 & 8). After an extension of time was granted, on September 19, 2013, Petitioner filed a Traverse. (Doc. 12). Thus, Petitioner's Habeas Petition is ripe for disposition.

On September 30, 2013, Petitioner filed a Motion to appoint counsel. (**Doc. 13**). With respect to Petitioner's Motion to appoint counsel (Doc. 13), Petitioner contends, "...I am filing a Habeas Corpus suit on criminal charges. I've been on this law suit for quite some yours (sic) and I haven't gone - no were (sic) with it. I am writing this letter to see if you could help me an appointed me to a lawyer so could help me with the law suit." (*Id*.). Based on the discussion below, we will recommend that Petitioner's pending Motion to appoint counsel (Doc. 13) be denied as moot.

## II. State Procedural Background.

Petitioner was charged in criminal case number CP-38-CR-0000405-2006 in the Lebanon County Court of Common Pleas. On September 21, 2006, Petitioner pled guilty to Rape of child, Corruption of minors and Indecent assault of person less than 13 years of age. Petitioner was sentenced on December 27, 2006, by the Lebanon County Court to serve 8 to 18 years imprisonment. (Doc. 1). Petitioner filed a direct appeal of his Lebanon County

---

[1] Since the Habeas Petition was signed by Petitioner on May 31, 2013 (Doc. 1, p. 15), under the prison mailbox rule, we construe Petitioner's instant Petition as being filed on that date. *See Bond v. VisionQuest*, 410 Fed.Appx. 510 (3d Cir. 2011).

2

December 27, 2006 judgment of sentence to the Pennsylvania Superior Court on January 16, 2007.[2] The Pennsylvania Superior Court affirmed Petitioner's judgment of sentence on December 19, 2007. (*Id.*). *See Commonwealth v. Avila*, No. 112 MDA 2007, Superior Court of Pennsylvania, December 19, 2007. Petitioner did not file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court and he did not file a writ of certiorari with the U.S. Supreme Court.

Petitioner filed a Post Conviction Relief Act ("PCRA") Petition on May 9, 2008. (Doc. 7, p. 3). On July 30, 2008, the Lebanon County Court of Common Pleas issued an opinion addressing the merits of Petitioner's PCRA Petition. (*Id.*). On August 25, 2008, after affording Petitioner the opportunity to respond to the proposed dismissal of the PCRA, the PCRA was dismissed by the Court without a hearing. (*Id.*). Petitioner did not file a Notice of Appeal to the Superior Court of Pennsylvania regarding the dismissal of his PCRA Petition. (*Id.*). Instead, Petitioner filed a "Petition for Reinstatement of Appellate Rights and Appointment of Counsel to Perfect and Advance a Nunc Pro Tunc Appeal from the Dismissal of a PCRA Petition Due to Prior PCRA Counsel's Abandonment." (*Id.*). The Lebanon County Court of Common Pleas considered the Petition for Reinstatement to be in the nature of a second PCRA Petition not an extension of the previously dismissed PCRA, thus the Court dismissed the Petition as untimely

---

[2] We take judicial notice of the Pennsylvania state court docket sheet in this matter, which is available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/, Court of Common Pleas of Lebanon County Criminal Docket Number: CP-38-CR-0000405-2006.

because Petitioner did not timely appeal the Court's dismissal of the first PCRA on August 25, 2008. (*Id.*, p. 4).

Petitioner then filed a Notice of Appeal to the Pennsylvania Superior Court on September 25, 2009. (*Id.*). On May 12, 2010, Petitioner filed a third PCRA Petition, *pro se*.

On May 17, 2010, the Superior Court reversed and remanded Petitioner 's second PCRA Petition was reversed and remanded to the Lebanon County Court of Common Pleas indicating that it should have been treated as a timely-filed first PCRA Petition . (*Id.*). On May 24, 2010, the Lebanon County Court appointed counsel to represent Petitioner for the PCRA proceedings. (*Id.*). On July 23, 2010, Petitioner through counsel filed an amended PCRA Petition. (*Id.*). Petitioner's amended PCRA Petition raised the following issues:

> I. Trial counsel rendered ineffective assistance by failing to discuss with Defendant the potential for deportation if Defendant pled guilty to the charges, thereby rendering his guilty plea unknowingly, involuntarily and unintelligently entered;
>
> II. Trial counsel rendered ineffective assistance by failing to provide Defendant, who has difficulty understanding the English language , with a Spanish-language guilty plea colloquy and a Spanish-speaking interpreter, which resulted in the entry of an unknowing, involuntary and unintelligent guilty plea;
>
> III. Trial counsel rendered ineffective assistance by failing to assert the conflict of interest of the Lebanon County District Attorney's Office handling prosecuting this case in light of the prior representation of Defendant by District Attorney David J. Arnold, Jr.; and
>
> IV. Trial counsel rendered ineffective assistance by failing to lodge a requested post sentence motion requesting modification of sentence and withdrawal of his guilty plea.

(*Id.*, pp. 4-5).

On October 14, 2010, the Lebanon County Court held a PCRA hearing. (*Id.*, p. 5). On April 19, 2011, Petitioner's PCRA Petition was dismissed by the Lebanon County Court. (*Id.*, p. 5). Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court on May 3, 2011. (*See* Lebanon County Criminal Docket). After the Superior Court denied the appeal, Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on June 29, 2012. On October 31, 2012, the Supreme Court of Pennsylvania denied review. (Doc. 7, p. 6).

As stated above, Petitioner is deemed to have filed his instant habeas petition on May 31, 2013. In his Habeas Petition, Petitioner challenges his September 21, 2006 guilty plea conviction for statutory rape, corruption of minors and indecent assault and his December 20, 2006 sentence of 8 to 18 years incarceration imposed by the Lebanon County Court of Common Pleas. In his Habeas Petition, Petitioner raises the following two (2) grounds: "Ineffective assistance of counsel by failing to provide bilingual assistance; to understand guilty plea colloquy" and "Prejudicial inducement of guilty plea, by the court, in colloquy." (Doc. 1, pp. 6-7).

**III. Discussion.**

Respondents contend that Petitioner has failed to exhaust one of his two present habeas claims, specifically, Ground 2, "Prejudicial inducement of guilty plea, by the court, in colloquy;" (Doc. 1, p. 7). Thus, Respondent maintains that Petitioner has filed a mixed habeas petition and that Petitioner only exhausted his Ground 1 claim, *i.e.* "Prejudicial inducement of guilty plea, by the court, in colloquy." (*Id.* at p. 6). Respondents request that the Court dismiss Petitioner's Ground 2 claim because Petitioner has procedurally defaulted on the claim by not presenting

the claim to the Pennsylvania Supreme Court after the Superior Court upheld the PCRA Court's decision. We agree. Upon dismissal of the PCRA petition, Petitioner filed a Notice of Appeal to the Pennsylvania Superior Court on May 3, 2011. (*See* Lebanon County Criminal Docket). After the Superior Court denied the appeal, Petitioner filed a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on June 29, 2012. On October 31, 2012, the Supreme Court of Pennsylvania denied review. (Doc. 7, p. 6). Petitioner presented the following two claims in his Petition for Allowance of Appeal to the Pennsylvania Supreme Court:

> I. Whether the Trial Court erred by denying the Petitioner's claim that Trial Counsel rendered Ineffective Assistance of Counsel by failing to discuss with the Petitioner the potential for deportation if the Petitioner pled guilty to the charges, thus rendering his guilty plea unknowing, involuntary and unintelligently made.
>
> II. The Trial Court erred by denying the Petitioner's claim that Trial Counsel rendered Ineffective Assistance of Counsel by failing to provide the Petitioner , with a guilty plea colloquy in a language he could understand and by failing to provide a Spanish speaking interpreter during his oral colloquy, thus rendering his guilty plea unknowing, involuntary and unintelligently made.

(Doc. 8-16, p. 5).

In *Myers v. Warden of SCI-Albion*, 2010 WL 1838178, *3 (M.D. Pa. 5-6-10), the Court stated:

> As a general rule, a state prisoner must exhaust available state court remedies before seeking habeas relief in federal court. 28 U.S.C. §§ 2254(b), (c); *Cone v. Bell,* 556 U.S. ----, ----, 129 S.Ct. 1769, 1780, 173 L.Ed.2d 701 (2009); *Rose v. Lundy,* 455 U.S. 509, 515-20, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Toulson v. Beyer,* 987 F.2d 984, 986 (3d Cir.1993); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition ...." *Santana v. Fenton,* 685 F.2d 71, 77 (3d Cir.1982).FN5 The

exhaustion requirement "is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights." *Gibson,* 805 F.2d at 138.

> FN5. Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock,* 821 F.2d 179, 184 (3d Cir.1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. *Story v. Kindt,* 26 F.3d 402, 405 (3d Cir.1994); *Schandelmeier v. Cunningham,* 819 F.2d 52, 55 (3d Cir.1986).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins,* 208 F.3d 153, 159 (3d Cir.2000) (citing *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d. Cir.1997)).

The *Myers* Court then addressed procedural default of habeas claims and stated:

> "[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is procedural default for the purpose of federal habeas ...."
> *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d

7

> 640 (1991); *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999). A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter,* 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *Lines,* 208 F.3d at 166.
>
> Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. *See Carter v. Vaughn,* 62 F.3d 591, 595 (3d Cir.1995). Similarly, procedural default occurs when a petitioner presented the claim the state system, but the state court refuses to address the claim on the merits because of "a state-law ground that 'is independent of the federal question and adequate to support the judgment.' " *Cone,* 129 S.Ct. at 1780 (quoting Coleman, 501 U.S. at 729). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. *Coleman,* 501 U.S. at 732.

*Id*. at *4.

Petitioner clearly did not present his Ground 2 claim to the Pennsylvania Supreme Court. Ground 2 of Petitioner's Habeas Petition asserts that the Court prejudicially induced Petitioner to pled guilty in the colloquy. (Doc. 1, p. 7). Respondent contends that Petitioner did not raise the issue to the Pennsylvania Supreme Court thus, he has procedurally defaulted on that claim. As discussed above, Petitioner did not raise his Ground 2 claim before the Pennsylvania Supreme Court. Petitioner acknowledges that he did not present his Ground 2 claim by stating "no merit letter accepted on other issues. Ineffective Assistance of Counsel had bearing on non allowance of Direct Appeal." (Doc. 1, pp. 7-8). Petitioner could have raised the issue in his Petition for Allowance of Appeal to the Supreme Court of Pennsylvania on June 29, 2012. However, Petitioner did not, thus, Petitioner has not preserved his Ground 2 claim for federal

8

habeas review. We find that Petitioner has procedurally defaulted his Ground 2 claim in his habeas petition and that he has not shown cause and prejudice or a fundamental miscarriage of justice if this claim is not reviewed by the federal court.

Ground 1 of Petitioner's habeas petition asserts ineffective assistance of counsel by failing to provide bilingual assistance in order for Petitioner to understand the guilty plea colloquy. (Doc.1 at p. 6). A claim of ineffective assistance is governed by the 2-prong test set forth by the Supreme Court in *Strickland*: "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. at 687 (1984), 104 S.Ct. at 2052). The first prong is established by a showing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id*. at 686. The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id*. It is well established that counsel cannot be ineffective for failing to raise a meritless claim. *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *Peroza-Benitez v. Lawler*, 2011 WL 744762, *3 (E.D. Pa. 2-9-11)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

The Court in *Grant v. Wilson,* 2009 WL 222945, *6 (W.D. Pa. 1-29-09), stated:

> Because the *Strickland* test is one of objective reasonableness, it does not matter if counsel actually considered the course taken or foregone to determine whether the actions or omissions were objectively reasonable; so long as a hypothetical reasonable attorney could have done the same, there is no ineffectiveness. *Chandler v. United States,* 218 F.3d 1305, 1316 n. 16 (11th Cir.2000). In light of the strong presumption of counsel's effectiveness and the objective reasonableness standard, the Court of Appeals for the Third Circuit has explained, "[i]t is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kauffman,* 109 F.3d 186, 190 (3d Cir.1997) (*quoting United States v. Gray,* 878 F.2d 702, 711 (3d Cir. 1989)).

The second prong requires the Petitioner to show that the deficient performance prejudiced the defense to the extent that the Petitioner was deprived of a fair trial. *Strickland*, 466 U.S. at 687.

Recently, the United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Harrington v. Richter,* 131 U.S., 770, ---- - ----, 131 S.Ct., 770, 777-78, 178 L.Ed.2d, 624, ---- - ---- (2011)(citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega*, 528 U.S.

10

470, 476-77 (2000). Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

As the *Grant* Court, 2009 WL 222945, *6, pointed out:

> In addition, in undertaking a prejudice analysis, the Court properly considers the strength of the evidence against the defendant because "... a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d Cir.1999). The *Strickland* test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. *See Strickland,* 466 U.S. at 687; *Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir.1987). As a result, if a petitioner fails on either prong, he loses. *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir.2000); *Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir.1999).

The *Grant* Court further stated:

> "Th[e] Pennsylvania [ineffective assistance of counsel] standard has been found to be materially identical to the test enunciated in *Strickland v. Werts,* 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" *Strickland,* and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.*, the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under *Strickland.*"

*Grant*, 2009 WL 222945, *8 *(citing Werts,* 228 F.3d at 204).

We find that since the Pennsylvania Superior Court decided Petitioner's ineffective assistance of trial counsel claims under standards that are basically the same as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal

11

claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Grant*, 2009 WL 222945, *8.

The Superior Court of Pennsylvania, in its June 8, 2012 decision, affirmed the trial court's dismissal of Petitioner's amended PCRA, stating that Petitioner's allegations of ineffectiveness of trial counsel in not obtaining an interpreter should be analyzed as follows:

> As a general rule, the determination of whether an interpreter is warranted in a particular case is within the sound discretion of the [trial] court. The discretion of the trial court, however is to determine the factual question of whether an interpreter is needed; a trial court does not have discretion to decide whether a defendant who needs an interpreter has a legal entitlement to one.
>
> Thus, where the court is put on notice that a defendant has difficulty understanding or speaking the English language, it must make unmistakably clear to him that he has a right to have a competent translator assist him, at state expense if need be. Where, on the other hand, no request for an interpreter has been made and the defendant appears to comprehend the nature of the proceedings and the charges against him, the trial court does not abuse its discretion by proceeding without appointing an interpreter.

*Citing In re Garcia*, 984 A.2d 506, 511 (Pa. Super. 2009)(citations omitted). (Doc. 8-15, p. 10).

The Superior Court went on to opine that Petitioner's claim does not entitle him to relief. Specifically, the Superior Court relied on the PCRA court who found that

> ...(3) Appellant never stated that he could not understand or speak English without interpreter; (4) Appellant's counsel's practice was to employ interpreter if requested by defendant but counsel did not recall difficulty communicating with Appellant in English; (5) counsel had psychologist review Appellant for mental ability; (6) trial court's own interaction with Appellant did not reflect inability to understand English; (7) Appellant advised his counsel to appeal immediately after hearing sentence pronounced in English; (8) Appellant arrived in United States over twenty years ago and completed eleventh grade of high school, but was illiterate. (9) Appellant's counsel spoke every word of written guilty plea colloquy to Appellant; (10) court also conducted oral guilty plea colloquy with Appellant...

12

(*Id.*, p. 13).

We agree with the Superior Court that Petitioner's claim lacks merit in light of the PCRA court's rationale regarding Petitioner's claim. Therefore, Petitioner's claim clearly does not meet the *Strickland* standard for ineffective assistance of counsel and the Superior Court's decision was not contrary to Supreme Court precedents or unreasonable application of Federal law. Therefore, we will recommend that Petitioner's Ground 1 claim of his habeas petition be denied.

Additionally, we will recommend that Petitioner's Motion to Appoint Counsel (Doc. 13) be denied as moot. As noted, on September 30, 2013, Petitioner filed a Motion to appoint counsel. (Doc. 13). With respect to Petitioner's Motion to appoint counsel (Doc. 13), Petitioner contends, "...I am filing a Habeas Corpus suit on criminal charges. I've been on this law suit for quite some yours (sic) and I haven't gone - no were (sic) with it. I am writing this letter to see if you could help me an appointed me to a lawyer so could help me with the law suit." (*Id.*).

The Court in *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 (3d Cir. 2007), stated:

> "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Id.* However, a district court does have discretionary authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir.1993). Whether a district court chooses to request counsel depends on several factors, including: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues; 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; 4) the

13

> plaintiff's capacity to retain counsel on his or her own behalf; 5) the extent
> to which a case is likely to turn on credibility determinations; and 6) whether
> the case will require testimony from expert witnesses. *Montgomery,* 294 F.3d
> at 499 (citing *Tabron v. Grace,* 6 F.3d at 155-57). This list of factors is not
> exhaustive. *Tabron,* 6 F.3d at 157.

(Internal footnote omitted).

Further, "a district court has 'broad discretion' to appoint counsel." *Id.*

Based on these factors, we find that Petitioner's Document 13 Motion to Appoint Counsel should be denied. Petitioner has clearly demonstrated an ability to present his own case based on his Petition and Traverse. (Docs. 1, 12). Petitioner's pleadings demonstrates that he can write proper English, present his arguments in an intelligent manner, and cite relevant law. Moreover, there are no difficult and complex legal issues involved in this case. It is clear based on his Petition (Doc. 1) that Petitioner is well aware of the basis of his claims. Thus, in light of our above Recommendation we will deem Petitioner's Motion to Appoint Counsel as moot.

## IV. Recommendation.

Based on the foregoing, we respectfully recommend that Petitioner's Ground 1 claim in his Habeas Petition (**Doc. 1**) be denied on its merits. We further recommend that Petitioner's Ground 2 claim in his Habeas Petition (**Doc. 1**) be dismissed for procedural default. We also recommend that Petitioner's Motion to Appoint Counsel (**Doc. 13**) be denied as moot.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: October 17, 2013**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELINO AVILA, | : | CIVIL ACTION NO. **3:CV-13-1547** |
| Petitioner | : | (Judge Kosik) |
| v. | : | (Magistrate Judge Blewitt) |
| SUPERINTENDENT TRITT, *et. al*, | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 17, 201**3

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: October 17, 2013**